**In re TEXAS DEPARTMENT OF TRANSPORTATION, Relator.**

**and**

**In re Gillespie County, Relator.**

Nos. 06–0289, 06–0302.

Supreme Court of Texas.

March 9, 2007.

Greg Abbott, Atty. Gen., Barry Ross McBee, Edward D. Burbach, Rafael Edward Cruz, Rance L. Craft, Susan Desmarais Bonnen, Ronald E. Garner, Office of Atty Gen., Austin, William Henry, San Marcos, Kent C. Sullivan, First Asst. Atty. Gen., Randy Howry, Sean E. Breen, Scott Forrest Deshazo, Herman Howry & Breen, LLP, Austin, L. Chris Heinemeyer, Krenek & Heinemeyer, P.C., San Antonio, Scott Maynard Freshour, Andrew F. MacRae, Hull Hendricks & MacRea, LLP, Matthew B. Cano, Allensworth & Porter, L.L.P., Rex Jason Zgarba, Austin, for Real Party In Interest.

Charles S. Frigerio, Hector X. Saenz, Law Offices of Charles S. Frigerio, San Antonio, Wade Caven Crosnoe, Jeff D. Otto, Amy Elizabeth Stephenson, Thompson, Coe, Cousins & Irons, LLP, Austin, for Relator/Other.

PER CURIAM.

The Texas Department of Transportation (TxDOT) and Gillespie County each seek writ of mandamus directing the probate court of Travis County to transfer venue of a personal injury suit to Gillespie County. They assert that as to each of them, separately, venue is mandatory in Gillespie County. We conditionally grant relief.

On the evening of January 16, 2004 Courtney Foreman was a passenger in a car approaching a bridge over the Pedernales River in Gillespie County. As it neared the bridge the car slid off the roadway, through a gap between the guardrail and the adjacent embankment and into the river. Courtney drowned.

Courtney's parents, Barbara and Steven Foreman, sued TxDOT, the County, the Allen Keller Company, James Robbins (the car's driver) and others in Travis County probate court. Their claims against TxDOT and the County were brought pursuant to the Texas Tort Claims Act, TEX. CIV. PRAC. & REM.CODE §§ 101.001–.109. (TTCA). The Foremans

classify their claims as falling into four categories: negligence, gross negligence, premises defect and special defect or injury-by-traffic-control-device. Venue is alleged to be proper in Travis County as to TxDOT pursuant to section 101.102(a) of the TTCA because part of the cause of action arose in Travis County, and as to Gillespie County under section 15.005 of the Civil Practice and Remedies Code because venue is proper in Travis County as to TxDOT. The basis for the claim that part of the cause of action arose in Travis County is that TxDOT, its bridge division, and other defendants maintained offices in Travis County and entered into and performed, at least in part, their contract and job duties in Travis County. It is alleged that the negligent performance of those duties in Travis County resulted in the defective roadway and approach to the bridge where the accident occurred.

TxDOT and the County filed motions to transfer venue to Gillespie County where the accident occurred. TxDOT asserted that the only claims which can be "properly pled" against it are claims for which sovereign immunity is waived by the TTCA, which in this instance are premises defect and special defect claims. TxDOT urges that because any actions taken and decisions made by its employees antecedent to the accident are not part of such causes of action, there is no "properly pled cause of action," part of which took place in Travis County and on which to sustain venue in Travis County. Gillespie County concurred in TxDOT's position and also asserted that regardless of whether all or some of the cause of action took place in Travis County, section 15.015 of the Civil Practice and Remedies Code made venue in Gillespie County mandatory for claims

against the county.[1] The motions were denied. The court of appeals denied mandamus relief. TxDOT and the County now seek mandamus relief from this Court.

■ Generally, chapter 15 of the Texas Civil Practice and Remedies Code governs venue of actions. Section 15.016 provides that if an action is governed by a separate mandatory venue provision, then the action shall be brought in the county required by the separate venue provision. Section 101.102(a) is such a mandatory provision. It requires claims made pursuant to the TTCA to be brought in the county in which all or a part of the cause of action arose. Chapter 15 also authorizes parties to seek mandamus relief to enforce its mandatory venue provisions. TEX. CIV. PRAC. & REM. CODE § 15.0642. In seeking mandamus under section 15.0642, a party need not prove the lack of an adequate appellate remedy, but need only show that the trial court abused its discretion by failing to transfer the case. See In re Mo. Pac. R.R. Co., 998 S.W.2d 212, 216 (Tex.1999).

■ The Foremans do not disagree with TxDOT's assertion that for venue to be proper in Travis County, one of the Foremans' claims under the TTCA must have arisen at least in part in Travis County. Citing Wilson v. Texas Parks & Wildlife Department, 886 S.W.2d 259 (Tex.1994), they claim that negligent decisions and actions by TxDOT employees and agents in Travis County resulted in the condition of the premises at the accident site in Gillespie County and are part of a premise defect or special defect cause of action.

In Wilson, a fishing party waded across a riverbed which was, at least in part, in Pedernales Falls State Park in Blanco County. Later in the evening the water

---

1. Because our decision is based on TTCA section 101.102(a), we do not address the effect of section 15.015.

level in the riverbed began rising as a result of heavy rainfall upstream which resulted in an unusually large amount of water entering the river over a short period of time. Two members of the fishing party drowned as they tried to wade back through the rising water. Suit was filed in Travis County alleging, in part, that the Texas Parks and Wildlife Department owned the park and was negligent in training park personnel and in designing, implementing, maintaining, and operating an early warning system to alert park users of floods.

Pursuant to the Department's motion to transfer venue the suit was transferred to Blanco County where it was tried to a jury. In response to a general negligence submission the jury found the department negligent, but failed to find that its negligence was a proximate cause of the deaths. As the case was presented to this Court, it differed in two aspects from the matter now before us. First, the claims were to the effect that negligent actions and omissions by park personnel such as failing to warn of the impending high water in the riverbed and failing to activate existing systems designed to warn of anticipated rising water levels occurred contemporaneously with the occurrence and were proximate causes of the drownings. *See Wilson v. Tex. Parks & Wildlife Dep't,* 853 S.W.2d 825, 827–28 (Tex.App.-Austin), *rev'd,* 886 S.W.2d 259 (Tex.1994). Second, the parties disagreed on whether the decedents were even on park premises. Premises liability questions were not submitted. Nevertheless, the charge asked the jury to find whether the decedents were fishing on park premises. The jury found that they were not. *Id.* at 828.

In this Court, the plaintiffs urged that Travis County was a county of proper venue and that transfer of the case to Blanco County was reversible error even though Blanco County was also a county of proper venue. We agreed. *Wilson,* 886 S.W.2d at 261. In doing so, we noted that decisions and actions taken in Travis County by employees of the Department constituted probative evidence that acts giving rise to the plaintiff's cause of action occurred in Travis County. We held that venue was proper in Travis County under section 101.102 of the Texas Civil Practice and Remedies Code. *Id.* at 262. Because of the posture of the case as presented, we did not address the question of whether suit had been properly brought as a negligence cause of action as opposed to a premises defect cause of action. In this case such question is directly presented because both TxDOT and Gillespie County urge that this is a premises defect claim, no contemporaneous negligent activities in Travis County have been alleged, Travis County is not a proper county of suit and Gillespie County is. Because we did not address the question in *Wilson,* we do not consider *Wilson* controlling.

We have distinguished between causes of action based on negligent activities and those based on premise defects. *See State v. Shumake,* 199 S.W.3d 279, 284 (Tex. 2006); *Timberwalk Apartments, Partners, Inc. v. Cain,* 972 S.W.2d 749, 753 (Tex. 1998); *Keetch v. Kroger Co.,* 845 S.W.2d 262, 264 (Tex.1992). A negligent activity claim arises from activity contemporaneous with the occurrence, whereas a premises defect claim is based on the property itself being unsafe. *Shumake,* 199 S.W.3d at 284; *Keetch,* 845 S.W.2d at 264.

In *Keetch* a customer slipped on a slick spot on the floor of a grocery store. The slick spot was alleged to have been left by employees who had been spraying plants some time before Keetch slipped and fell. The employees were not spraying at the time of the incident. The trial court submitted only a premises defect theory of

liability to the jury. The jury failed to find for Keetch. On appeal Keetch urged that the negligent spraying activity exposed the store's customers to unreasonable risk of a fall, and that the trial court erred by refusing to submit a negligent activity theory of liability to the jury as well as the premises defect theory. We held that the trial court's refusal to submit a negligent activity theory was not error. In doing so, we noted that

> There was no ongoing activity when Keetch was injured. Keetch may have been injured by a condition created by the spraying but she was not injured by the activity of spraying. At some point, almost every artificial condition can be said to have been created by an activity.

*Keetch*, 845 S.W.2d at 264.

So it is in this case. The Foremans allege that TxDOT failed to use ordinary care in designing, inspecting, maintaining, and employing others to inspect and maintain the bridge and surrounding roadway. But, they do not allege that such activities were actively ongoing at the time of the accident. Taking the Foremans' allegations as true for purposes of determining the venue issue, such negligent activities would be causes of the conditions at the scene of the accident, but not contemporaneous activities proximately causing the accident. *See id.* Accordingly, the Foremans properly pled only a cause of action for premises or special defect as to the roadway and bridge. They did not properly plead a contemporaneous-activity negligence cause of action which would include, as part of the cause of action, allegedly negligent actions or omissions which took place in Travis County. Thus, the Foremans failed to "properly plead" a negligence cause of action for which Travis County would be proper venue. Having failed to properly plead a negligence cause of action, they have also failed to properly

plead a gross negligence cause of action for which Travis County would be proper venue. *See La.-Pac. Corp. v. Andrade*, 19 S.W.3d 245, 246 (Tex.1999) ("[w]hat separates ordinary negligence from gross negligence is the defendant's state of mind.").

■ The Foremans also alleged "Injury by Traffic Control Device." *See* Tex. Civ. Prac. & Rem.Code § 101.060. However, section 101.060 acts only as a limitation on the government's waiver of immunity in some situations involving the absence, condition, malfunction or removal of a traffic control device. The section does not create a cause of action separate and apart from a premises defect cause of action. For the reasons expressed above, such allegations do not comprise a "properly pled" cause of action which arose, in part, in Travis County.

■ Finally, the Foremans claim that TxDOT is liable pursuant to a "joint enterprise," with other defendants. Joint enterprise is a theory involving derivative liability whereby one enterprise participant may be held responsible for a cause of action proven against another participant. *See, e.g., Tex. Dep't of Transp. v. Able*, 35 S.W.3d 608, 611–16 (Tex.2000). The Foremans allege that TxDOT formed a joint venture with other defendants to design, plan, construct, and inspect the roadway and bridge at issue. Such allegations do not "properly plead" a negligent activity cause of action. The allegations address actions antecedent to the accident, but do not change the nature of the Foreman's claims from claims for premises or special defects liability. Such pleadings, taken as true, do not make Travis County a proper county for venue of the action.

In sum, the Foremans properly pled premise and special defect causes of action, but neither of these claims arose, in any part, in Travis County. Allegations and evidence of TxDOT's employees'

knowledge, decisions, or failure to make decisions in Travis County as to the condition of the roadway and bridge in Gillespie County do not allege or constitute *prima facie* evidence that part of the cause of action arose in Travis County.

Without hearing oral argument we conditionally grant mandamus relief and direct the probate court to transfer venue of the underlying case as to TxDOT and Gillespie County to Gillespie County. Tex. R.App. P. 52.8(c). The writ will issue only if the probate court fails to comply.