Petition for Writ of Mandamus Conditionally Granted and Majority and
Concurring Opinions filed February 3, 2009








 

Petition
for Writ of Mandamus Conditionally Granted and Majority and Concurring Opinions
filed February 3, 2009.

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00912-CV

____________

 

IN RE FORT BEND COUNTY, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M A J O R
I T Y   O P I N I O N

In this
original proceeding, relator, Fort Bend County (AFort Bend@), seeks a writ of mandamus ordering
the respondent, the Honorable Sharon McCally, presiding judge of the 334th
District Court of Harris County, to set aside her order of July 25, 2008,
denying its motion to transfer venue of those claims asserted against it to
Fort Bend County, and grant the same.  We conditionally grant the writ.  

                                                                   Background








In the
early morning of January 1, 2007, Pedro Olivares, Jr. was driving westbound on
the Westpark Tollway in Harris County.  According to several eyewitnesses,
Michael Ladson was at the same time driving eastboundCthe wrong wayCon the west bound lanes of the same
thoroughfare.  The two vehicles collided head-on, and Olivares suffered
personal injuries resulting in his death.  On March 28, 2008, real parties in
interest, Zuleima Olivares, Individually and as Representative of the Estate of
Pedro Olivares, Jr., and Pedro Olivares, sued Fort Bend County, the Fort Bend
County Toll Road Authority, Harris County, the Harris County Toll Road
Authority, and the Texas Department of Transportation in Harris County under a
premises-defect theory pursuant to the Texas Tort Claims Act.  See Tex.
Civ. Prac. & Rem. Code Ann. '' 101.001, et seq. (Vernon 2005 &
Supp. 2008).  The Olivareses allege that although Ladson entered the Westpark
Tollway at the easternmost entrance, near Gaston Road, which is located in Fort
Bend County, he drove more than eight miles on the tollway before the accident
occurred in Harris County.  

On May
1, 2008, Fort Bend filed a motion to transfer venue, plea in abatement, plea to
the jurisdiction, and original answer.  In its venue motion, Fort Bend sought
to transfer the claims against it to Fort Bend County in accordance with
Chapter 15 of the Texas Civil Practice and Remedies Code.  See Tex. Civ.
Prac. & Rem. Code Ann. ' 15.015 (Vernon 2002).  On July 25, 2008, the trial court
denied Fort Bend=s motion to transfer because it found Avenue is controlled by TTCA 101.102
and no challenge to venue facts.@ 

                                    Mandamus
Jurisdiction & Standard of Review

Section
15.0642 provides for mandamus relief to enforce a mandatory venue provision:

A party may
apply for a writ of mandamus with an appellate court to enforce the mandatory
venue provisions of this chapter.  An application for the writ of mandamus must
be filed before the later of:

(1) the 90th day before the date the trial starts;  or

(2) the 10th day after the date the
party receives notice of the trial setting. 








Tex. Civ. Prac. &
Rem. Code Ann. ' 15.0642.  Trial is set for March 2, 2009; therefore, Fort
Bend timely filed its petition.  The relator must demonstrate that the trial
court abused its discretion, but is not required to show the lack of an
adequate remedy by appeal.  In re Missouri Pac. R.R., 998 S.W.2d 212
S.W.2d 215B16 (Tex. 1999) (orig. proceeding).  A trial court abuses its discretion
if it reaches a decision so arbitrary and unreasonable as to amount to a clear
and prejudicial error of law, or if it clearly fails to correctly analyze or
apply the law.  In re Cerberus Capital Mgmt., L.P., 164 S.W.3d 379, 382
(Tex. 2005) (orig. proceeding) (per curiam).  

                                                                      Analysis

Fort
Bend contends that venue must be brought in Fort Bend County under the
mandatory venue provision of Section 15.015 of the Texas Civil Practice and
Remedies Code.  Section 15.015 of the Texas Civil Practice and Remedies CodeCa mandatory venue provisionCprovides that A[a]n action against a county shall be
brought in that county.@  Tex. Civ. Prac. & Rem. Code Ann. ' 15.015. 

The
Olivareses assert that venue is controlled by section 101.102(a) of the Tort
Claims Act, which requires that claims made under the Act be brought in the
county in which all or part of the cause of action arose.  Tex. Civ. Prac.
& Rem. Code Ann. ' 101.102(a); In re Tex. Dep=t of Transp., 218 S.W.3d 74, 76 (Tex. 2007)
(orig. proceeding) (per curiam).  Under section 15.016 of the general venue
statute, A[a]n action governed by any other statute prescribing mandatory venue
shall be brought in the county required by that statute.@  Tex. Civ. Prac. & Rem. Code
Ann. ' 15.016 (Vernon 2002) (emphasis
added).  The venue provision in section 101.102(a) of the Tort Claims Act is
one such mandatory provision.  In re Tex. Dep=t of Transp., 218 S.W.3d at 76.[1] 









Nevertheless,
Fort Bend argues that there is no exception to section 15.015, and that it
takes precedence over any other conflicting mandatory venue provision.  The
venue rule that a county must be sued in that county is longstanding and finds
its origin in the first Texas Legislature.  See Montague County v. Meadows,
31 S.W. 694, 694 (Tex. Civ. App. 1895, writ ref=d) (AThe first legislature of the state
made it the law in Texas that all suits against a county shall be instituted in
some court of competent jurisdiction within such county.@). The legislature passed this
provision on May 11, 1846Ctwo days before it passed the general venue statute and its
eleven exceptions.  Id.[2]  When the
provision for counties was placed in the venue chapter, Ait was doubtless concluded that it
should be treated as an exception to [the general venue] rule.@  Id. at 694B95.  In other words, Athe general venue statute [passed on
May 13, 1846] prescribed the venue for all cases except suits against a county,
which had already been specially provided for [in the act passed two days
earlier].@  Id. at 695.  








Thus,
Texas courts have interpreted section 15.015 as having no exception.  See,
e.g., City of Tahoka v. Jackson, 115 Tex. 89, 276 S.W. 662, 663 (1925)
(holding predecessor to section 15.015 Aexpressly exempts counties, which are
public corporations created by law, from all other exceptions enumerated in the
article@); Hodges v. Coke County, 197
S.W.2d 886, 888 (Tex. Civ. App.CAmarillo 1946, no writ) (observing that Ait was the intention of the
Legislature to expressly exclude counties from the terms of the exceptions in
the venue statutes and to fix venue in suits against a county exclusively under
the provisions of [the predecessor statute to section 15.015]@); Montague County, 31 S.W. at
694 (stating that there appears to be no exception to mandatory provision that
suit against county shall be brought in that county); Glover v. Columbia
Fort Bend Hosp., No. 06-01-00101-CV, 2002 WL 1430783, at *4 (Tex. App.CTexarkana July 3, 2002, no pet.)
(observing that, Ain construing Section 15.015 and its statutory predecessors,
appellate courts have uniformly held that, in enacting this venue provision,
the Legislature intended that counties be exempt from exceptions to general
venue rules and the exclusive venue for such suits against counties be in that
county@).  

Against
this backdrop of section 15.015's history, we conclude that section 15.016 is
not an exception to section 15.015.  Therefore, the Olivareses are required to
prosecute their claims against Fort Bend in Fort Bend County.[3] 
In its order denying Fort Bend=s motion to transfer venue, the trial court found that Fort
Bend County had not challenged the Olivareses= venue facts.  See In re Jennings,
203 S.W.3d 32, 36 (Tex. App.CSan Antonio 2006, orig. proceeding) (citing Tex. R. Civ. P.
87(3)(a)) (stating that defendant, in motion to transfer venue, must
specifically deny venue facts in plaintiff=s petition, or those facts will be
taken as true).  However, because Fort Bend is entitled to a transfer under the
mandatory venue provision of section 15.015, it was not necessary for Fort Bend
to challenge the venue facts pleaded by the Olivareses.  Accordingly, the trial
court abused its discretion by denying Fort Bend=s motion to transfer venue of the
Olivareses claims against it to Fort Bend County.








                                                                    Conclusion

We
therefore conditionally grant the petition for a writ of mandamus and direct
the trial court to vacate its July 25, 2008 order denying Fort Bend=s motion to transfer venue to Fort
Bend County.  We further direct the trial court to grant the motion, to sever
just those claims the Olivareses have asserted against Fort Bend, and to
transfer those severed claims to Fort Bend County.  The writ will issue only if
the trial court fails to act in accordance with this opinion.  

 

 

 

/s/        Jeff
Brown

Justice

 

 

 

Panel consists of Chief Justice Hedges and Justices
Guzman and Brown.  (Guzman, J., concurring.)









[1]  The Texas Supreme Court has not addressed the
relationship between sections 15.015 and 101.102(a).  In In re Texas
Department of Transportation, the court held that venue in Gillespie
County, where accident occurred, was proper under a premises-defect theory in a
suit brought pursuant to the Tort Claims Act against the Texas Department of
Transportation and Gillespie County.  218 S.W.3d at 79.  Because the court
based its decision on section 101.102(a), it did not consider the effect of
section 15.015.  Id. at 79 n.1.  Although venue would have been proper
in Gillespie County under either section 101.102(a) or section 15.015, the
Department could not avail itself of section 15.015 because it is not a
county.  





[2]  One commentator explains that the inclusion
of the predecessor to section 15.015 under the venue statutes has no logical
relevance to the basic venue rule with which those statutes are introduced.  6
Elaine Grafton Carlson, McDonald & Carlson Texas Civil Practice ' 6:13 n.1 (2d ed. 1998). 
Section 15.015 originated in the Act of May 11, 1846, which related to the
incorporation of counties, rather than in that of May 13, 1846, which set forth
the basic venue rule and 11 exceptions to that rule.  Id.  





[3]  We further observe that, because part of the
cause of action arose Fort Bend County, i.e., Ladson entered the Tollway in
Fort Bend County, venue is also appropriate in that county under section
101.102(a).  See Tex. Civ. Prac. & Rem. Code Ann. ' 101.102(a).