NUMBER 13-11-00290-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

CORPUS CHRISTI - EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



IN RE DAVID LOPEZ SR., INDIVIDUALLY AND AS
REPRESENTATIVE

FOR THE ESTATE OF SAN JUANA LOPEZ, DECEASED, CLAUDIA
GRIFALDO, CLARO LOPEZ, DALIA LOPEZ, RAUL LOPEZ, EDUARDO LOPEZ, ROLANDO LOPEZ,
AND DAVID LOPEZ JR.

 

 



On Petition for Writ of Mandamus.

 

 



MEMORANDUM OPINION

 

Before Chief Justice Valdez and Justices Rodriguez
and Benavides

Memorandum
Opinion Per Curiam[1]

David Lopez Sr., individually and
as representative for the estate of San Juana Lopez, deceased, Claudia
Grifaldo, Claro Lopez, Dalia Lopez, Raul Lopez, Eduardo Lopez, Rolando Lopez,
and David Lopez Jr., filed a petition for writ of mandamus in the above cause
on May 5, 2011, seeking relief from an order denying a transfer of venue from
Victoria County, Texas, to Travis County, Texas.  The Court requested and
received a response to the petition for writ of mandamus from the real party in
interest, Regency Nursing Center Partners of Yoakum, Ltd., and further received
a reply to the response from relators.[2] 


Ordinarily, mandamus relief lies
when the trial court has abused its discretion and a party has no adequate
appellate remedy.  In re Prudential Ins. Co., 148 S.W.3d 124, 135-36
(Tex. 2004) (orig. proceeding); Walker v. Packer, 827 S.W.2d 833, 839-40
(Tex. 1992) (orig. proceeding).  A trial court abuses its discretion if it
reaches a decision so arbitrary and unreasonable as to amount to a clear and
prejudicial error of law or if it clearly fails to correctly analyze or apply
the law.  See In re Cerberus Capital Mgmt., L.P., 164 S.W.3d 379, 382
(Tex. 2005) (orig. proceeding).  However, where a party seeks to enforce a
mandatory venue provision a party is required only to show that the trial court
abused its discretion by failing to transfer the case and is not required to
prove that it lacks an adequate appellate remedy.  In re Tex. Dept. of
Transp., 218 S.W.3d 74, 76 (Tex. 2007) (orig. proceeding).  Nevertheless, appellate
courts may not deal with disputed areas of fact in a mandamus proceeding.  In
re Pirelli Tire, L.L.C., 247 S.W.3d 670, 676 (Tex. 2007) (orig.
proceeding); In re Angelini, 186 S.W.3d 558, 560 (Tex. 2006) (orig.
proceeding).  

The Court, having examined and
fully considered the petition for writ of mandamus, the response to the
petition, and the reply thereto, under the applicable standard of review, is of
the opinion that relators have not shown themselves entitled to the relief
sought.  Accordingly, the petition for writ of mandamus is DENIED.  See Tex. R. App. P. 52.8(a).  

                                                                                                            PER
CURIAM

Delivered and filed the

31st day of May, 2011.

 









[1] See Tex.
R. App. P. 52.8(d) (“When granting relief, the court must hand down an
opinion as in any other case,” but when “denying relief, the court may hand
down an opinion but is not required to do so.”); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum
opinions).

 





[2]
The “Unopposed Motion for Extension of Time to File Response to Petition for
Writ of Mandamus,” filed by Yoakum on May 18, 2011, is herein GRANTED.