

# NUMBER 13-21-00461-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**HIDALGO COUNTY, TEXAS,**                                                          **Appellant,**

**v.**

**MARIA ISIDRA PEREZ, INDIVIDUALLY
AND AS NEXT FRIEND OF J.B. AND J.B.,
MINORS, ARLETH BRIONES AND LUCIA
ELIZABETH PEREZ,**                                                                **Appellees.**

**On appeal from the County Court at Law No. 5
of Hidalgo County, Texas.**

# MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Silva
Memorandum Opinion by Justice Silva**

This lawsuit arises out of a car accident that occurred when appellees Maria Isidra

Perez, Arleth Briones, Lucia Elizabeth Perez, and minors J.B. and J.B., proceeded

through an intersection without a stop sign. Appellees sued appellant Hidalgo County,

Texas (the County) claiming that the County's failure to maintain the stop sign at the intersection caused the accident. The County filed a plea to the jurisdiction based on governmental immunity, which was denied by the trial court. The County appeals, contending its immunity has not been waived because it did not have actual notice of the stop sign's removal prior to the day of the accident. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.022, 101.025, 101.060(a)(3). We affirm.

## I.    BACKGROUND

On August 15, 2017, at approximately 1:05 p.m., Maria was driving eastbound on Earling Road when she entered the intersection of Earling Road and Tower Road and collided with another vehicle traveling southbound on Tower Road. Eastbound traffic is typically controlled by a stop sign. On the day of the accident, Maria did not see a stop sign and proceeded through the intersection. Appellees allege they each suffered "serious bodily injuries" as a result of the accident.

On August 15, 2019, appellees filed suit against the County, alleging that the accident was caused by the County's negligence in failing to (1) "notify [the] public of [a] defective traffic sign," (2) "maintain roads," or (3) "replace [the] broken stop sign." The County filed an answer and general denial, followed by a plea to the jurisdiction, wherein the County challenged both the pleadings and existence of jurisdictional facts. Specifically, the County asserted that appellees failed to plead a cause of action that would waive the County's immunity and argued that, to the extent it was applicable, the Texas Tort Claims Act (the Act) ensured the County's immunity. *See id.* § 101.060(a)(3). The County further maintained that it did not have actual or constructive notice that the

2

sign was missing, removed, or destroyed prior to the day of the accident. Moreover, the County claimed that upon receiving actual notice of the sign's condition on the day of the accident, the County remedied the condition within a reasonable timeframe. *See id*. In support of its plea, the County presented affidavits from Gilbert Gonzalez, Precinct 1 safety officer; Jorge Hinojosa, Precinct 2 director of field operations; as well as Michael Villarreal and Jose Burgos, county traffic control specialists.

Gonzalez and Hinojosa averred that as the precinct safety officer and field director, respectively, they are the recipients of calls concerning the "removal or destruction of a traffic or road sign, signal[,] or warning device." Both stated that neither precinct received "any notices, complaints, reports, work orders[,] or communi[cations] regarding a missing stop sign at the intersection of Earling Road and Tower Road, at any time six (6) months prior to August 15, 2017."[1] Gonzalez stated that, however, on August 15, 2017, the day of the accident, he received a call from Burgos and Villarreal, notifying him that they "had discovered a sign[] post missing a stop sign at the intersection of Tower and Earling Road[] and that they were going to repair it."

Burgos stated that on August 15, 2017, at approximately 1:00 p.m., he and Villarreal observed the intersection at Earling Road and Tower Road was missing a stop sign; the signpost was standing, but there was no stop sign affixed to it. According to Burgos, they turned on their work vehicle's amber and emergency hazard lights and positioned the vehicle alongside the signpost, facing west on Earling Road. The accident

---

[1] Earling Road and Tower Road are located in Precinct 1. *See* TEX. CONST. art. V, § 18 (division of counties into precincts).

occurred while Burgos and Villarreal were in the process of installing the stop sign. Burgos and Villarreal rendered aid, and once the accident was cleared, they replaced the stop sign. Villarreal's affidavit contains the same narrative.

Also attached to the County's plea was the Texas Department of Transportation (DPS) crash report. The report indicated that DPS was notified of the accident at 1:09 p.m., and the responding officer, Trooper Keiri Vasquez Graciano, arrived on scene at 1:23 p.m. Trooper Graciano observed, "[T]he stop sign that should be in place on the eastbound lane of Earling Road was missing prior to the crash. However, there was a clear visible ["]Stop Ahead["] warning sign, approximately 250 [feet] before said intersection."[2] Trooper Graciano reportedly made contact with a nearby resident, Celia Ann Warneke, "who stated that her neighbor had called Precinct 2 a few days prior and notified them that the stop sign had been missing."[3]

On March 12, 2020, on the morning of the County's plea hearing, appellees filed a response to the County's plea[4] and a first amended petition specifically pleading a premises liability cause of action under the Act. *See id.* §§ 101.021(2) (negligence based

---

[2] The DPS report contained a field diagram of the accident and included a descriptor of the "STOP AHEAD" warning sign located before a "METAL POLE WITH MISSING STOP SIGN" on the eastbound lane of Earling Road.

[3] The record contains two DPS reports written by Trooper Graciano—one made on August 17, 2017, and another on October 5, 2017. The only discernable differences are as follows: the August 17, 2017 report indicates that the sign was "knocked down prior to the crash" and states that the neighbor had reported that "the stop sign had been knocked down as a result of another crash"; whereas the October 5, 2017 report contains no mention of the sign being "knocked down" and instead indicates that the stop sign was "missing prior to the crash." The October 5, 2017 report also states that the neighbor reported the stop sign "missing".

[4] In response to the County's plea, appellees maintained they had alleged all necessary facts essential to their premises liability cause of action and objected to the County's attached affidavits. Appellees asserted relevancy and hearsay objections and argued that the affidavits were "not clear, positive, credible, free from contradiction, and . . . could have been readily controverted."

4

on "a condition or use of tangible personal or real property"), 101.022 (premises defects). The trial court held a hearing on the County's plea and issued an order of denial. The County thereafter filed a motion to vacate the trial court's order and notice of appeal. On June 11, 2020, the parties executed a Rule 11 Agreement, wherein they jointly requested that the trial court grant the County's motion to vacate its prior order in consideration of appellees' amended petition and the parties' anticipated discovery. The trial court signed an order granting the County's motion to vacate on June 12, 2020, and the County withdrew its notice of appeal.

On November 24, 2020, the County filed a "Reply to Plaintiffs' Response to Defendant's Plea to the Jurisdiction and Motion to Dismiss." Acknowledging appellees' first amended petition as asserting "claims regarding the removed stop sign as either 'a condition or use of real property' or 'premises liability,'" the County maintained, however, that "whether [appellees'] claim the removed stop sign was a 'use' of real property or one arising from 'premises defect[,]' it is irrelevant" because the Act "does not apply to claims concerning 'traffic and road control devices,' such as a stop sign, unless one of two types of notice/knowledge, constructive or actual, is established." The County reiterated its position that it did not have actual or constructive notice of the removed stop sign days before the accident and attached a photograph of the intersection on the day of the accident[5] as well as affidavits written by individuals referenced in the DPS report.

Warneke's affidavit stated that she was interviewed by a trooper regarding the accident on August 15, 2017, and Warneke "told the officer that [her] neighbor had called

---

[5] The photograph depicts an unobstructed signpost with no stop sign affixed.

5

Precinct 2" at some unspecified point to report the missing stop sign. Warneke identified the neighbor as Elpidio Alejandro Jr. Warneke clarified that she never called the County to report the sign missing and did not witness the accident.

Alejandro stated that though he is familiar with the accident that occurred on August 15, 2017, he did not witness the accident. Alejandro further denied ever contacting "Precinct #2 or any other of Hidalgo County's Precincts or anyone else" to report the missing stop sign. Alejandro denied ever telling Warneke that he had done so. Alejandro stated that he first noticed the stop sign was missing on August 15, 2017. An affidavit was also submitted by Alejandro's wife, Alma Rose Alejandro, which stated that she never contacted the County to advise them of the missing stop sign either.

Following a hearing, the trial court denied the County's plea to the jurisdiction. This interlocutory appeal followed. *See id.* § 51.014(a)(8).

## II.    PLEA TO THE JURISDICTION

### A.    Standard of Review and Applicable Law

Immunity from suit implicates a trial court's subject-matter jurisdiction and is properly asserted in a plea to the jurisdiction. *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). A plea to the jurisdiction may challenge the pleadings, the existence of jurisdictional facts, or as here—both. *Jones v. Turner*, 646 S.W.3d 319, 325 (Tex. 2022); *Clark*, 544 S.W.3d at 770. Where jurisdictional facts are challenged, our standard of review mirrors that of a summary judgment, "such that we take as true all evidence favorable to the nonmovants, and we indulge every reasonable inference and resolve any doubts in their favor." *Jones*, 646 S.W.3d at 325; *Tex. Dep't of Parks & Wildlife*

6

*v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). "[T]he nonmovant is required only to produce enough evidence—that is, more than a scintilla—to create a genuine issue of material fact as to the challenged element." *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 552 (Tex. 2019); *see KMS Retail Rowlett, LP v. City of Rowlett*, 593 S.W.3d 175, 181 (Tex. 2019) ("Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact."); *Anderson v. Durant*, 550 S.W.3d 605, 616 (Tex. 2018) ("More than a scintilla of evidence exists when reasonable and fair-minded people could reach different conclusions based on the evidence."). If the evidence creates a material fact issue regarding jurisdiction, the trial court does not rule on the plea, but instead submits the issue to the factfinder in a trial on the merits. *Miranda*, 133 S.W.3d at 227–28. On the other hand, if the relevant evidence is undisputed or fails to raise a material fact question on the jurisdictional issue, the trial court rules on the plea as a matter of law. *Id.* at 228.

As a governmental unit, the County is generally immune from suit absent an express waiver of governmental immunity. *See Suarez v. City of Tex. City*, 465 S.W.3d 623, 631 (Tex. 2015). The Act creates such waiver of immunity for a "premises defect" claim, "a common instance of a claim for 'injury and death caused by a condition . . . of real property.'" *Tarrant Reg'l Water Dist. v. Johnson*, 572 S.W.3d 658, 664 (Tex. 2019) (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2)); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 101.025 (waiving sovereign immunity to suit "to the extent of liability created by this chapter"); *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 385 (Tex. 2016)

("[A] claim for a condition or use of real property is a premises defect claim under the [Act]." (citing *Miranda*, 133 S.W.3d at 230)).

As pertinent here, the Act contains an "exception to the exception," limiting waiver of immunity where a claim involves a traffic control signal or road sign, provided other conditions are met. TEX. CIV. PRAC. & REM. CODE ANN. § 101.060; *City of Grapevine v. Sipes*, 195 S.W.3d 689, 692 (Tex. 2006) (observing that § 101.021 exists as "an exception to the general rule of governmental immunity," and § 101.060 creates "an exception to the exception: the waiver's non-application to claims arising from 'the absence, condition, or malfunction of a traffic or road sign'"). "[A]ct[ing] only as a limitation on the government's waiver of immunity, . . . [§ 101.060] does not create a cause of action separate and apart from a premises defect cause of action." *In re Tex. Dep't of Transp.*, 218 S.W.3d 74, 78 (Tex. 2007) (orig. proceeding) (per curiam).

Section 101.060 expressly exempts the County from liability arising from:

(2)     the absence, condition, or malfunction of a traffic or road sign, signal, or warning device unless the absence, condition, or malfunction is not corrected by the responsible governmental unit within a reasonable time after notice; or

(3)     the removal or destruction of a traffic or road sign, signal, or warning device by a third person unless the governmental unit fails to correct the removal or destruction within a reasonable time after actual notice.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.060(a)(2), (3). "Both subsections (a)(2) and (a)(3) refer, among other things, to the government's failure to replace a missing traffic device." *Sipes*, 195 S.W.3d at 694. However, "subsection (a)(3) expressly controls when third parties remove or destroy stop signs." *State ex rel. State Dep't of Highways & Pub.*

*Transp. v. Gonzalez*, 82 S.W.3d 322, 328 (Tex. 2002). "Under this subsection, the [governmental unit] retains immunity unless it fails to remedy the removal or destruction within a reasonable time after *actual* notice." *Id.* (citing TEX. CIV. PRAC. & REM. CODE ANN. § 101.060(a)(3)) (emphasis added); *see Harris County v. Shook*, 634 S.W.3d 942, 955 (Tex. App.—Houston [1st Dist.] 2021, pet. denied) (observing the difference between subsection (a)(2)'s "notice" requirement and subsection (a)(3)'s requirement of "actual notice"). "Whether the [governmental unit] has actual notice about a removed or destroyed traffic sign is a fact question." *Gonzalez*, 82 S.W.3d at 327; *see Shook*, 634 S.W.3d at 956–57 (compiling cases); *see also Dragoo v. City of Fort Worth*, No. 02-20-00178-CV, 2021 WL 4472628, at *5 (Tex. App.—Fort Worth Sept. 30, 2021, no pet.) (mem. op.) ("To receive 'actual notice' of the removal of a sign by a third party, information concerning the sign must be actually communicated to or obtained by an employee responsible for acting on the information."); *Montgomery Cnty. Precinct 1 v. Reed*, No. 09-06-402 CV, 2006 WL 3823897, at *2 (Tex. App.—Beaumont Dec. 28, 2006, no pet.) (mem. op.) (observing the same); *Wilson ex rel. Wilson v. Lott*, No. 07-99-0484-CV, 2001 WL 811067, at *3 (Tex. App.—Amarillo July 18, 2001, no pet.) (mem. op.) (same). Whether the governmental unit replaced a removed or destroyed traffic sign within a "reasonable time" is likewise a fact question. *See Shook*, 634 S.W.3d at 956; *see also City of Palmview v. Vasquez*, No. 13-99-719-CV, 2000 WL 35721246, at *4 (Tex. App.—Corpus Christi–Edinburg Apr. 28, 2000, no pet.) (mem. op.).

**B. Analysis**

**1. Subsection (a)(2)**

At the outset, we note that the parties disagree which subsection controls—with appellees contending that subsection (a)(2) applies. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.060(a)(2), (3). Although the parties present various hypothetical possibilities for the stop sign's disappearance, the parties agree, and the evidence unequivocally indicates, that the stop sign's absence was due to the action of an unknown third party. "[U]nder the Act's plain and common meaning, subsection (a)(3), not subsection (a)(2), expressly applies whenever a third person removes or destroys a traffic sign or signal." *Gonzalez*, 82 S.W.3d at 329; *see Sipes*, 195 S.W.3d at 694 ("Subsection (a)(3) refers to a third person's intervention, whereas the cause in (a)(2) is not so qualified."); *cf. McKnight v. Calvert*, 539 S.W.3d 447, 455 (Tex. App.—Houston [1st Dist.] 2017, pet. denied) (applying subsection (a)(2) to a suit claiming negligence in maintaining a stop sign where the "condition" alleged was the "stop sign's obstruction from view by trees or branches"). Accordingly, we conclude that subsection (a)(2) cannot apply here to waive the County's immunity. *See Gonzalez*, 82 S.W.3d at 329; *see also Miranda*, 133 S.W.3d at 227–28.

**2. Subsection (a)(3)**

While appellees did not explicitly plead the application of subsection (a)(3), appellees' premises defect claim alleges the County received "actual notice" of the removed stop sign, *see Gonzalez*, 82 S.W.3d at 328, a few days before the accident—as

evidenced by the DPS report.[6] *See generally Torralva v. Peloquin*, 399 S.W.3d 690, 695 (Tex. App.—Corpus Christi–Edinburg 2013, pet. denied) ("We construe the pleadings liberally in favor of the plaintiff."); *City of Mission v. Cantu*, 89 S.W.3d 795, 804 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.) ("We must ascertain the nature of the claim raised, examine the tort claims act to determine the scope of waiver of sovereign immunity relevant to such claim, and then consider the particular facts of the claim to decide whether it comes within that scope so as to invoke jurisdiction in the trial court."); *see also County of Hidalgo v. Capetillo*, No. 13-01-101-CV, 2001 WL 34615383, at *6 (Tex. App.—Corpus Christi–Edinburg Aug. 23, 2001, no pet.) (mem. op.) (concluding whether an allegation was classified in pleadings "as a premises defect or a special defect is immaterial"—that is, under § 101.022(a) or § 101.022(b)—given the pleadings properly included the standard of care and waiver of immunity based on negligent maintenance). The County counters that the affidavit from Alejandro confirming that he made no report, coupled with affidavits from its employees stating they received no such report and first

---

[6] Although the County objected to Trooper Graciano's report regarding what Warneke told her that Alejandro said on the basis of hearsay, the County failed to obtain a ruling on its objection; moreover, the County does not challenge the trial court's consideration of Trooper Graciano's report on appeal. *See* Tex. R. App. P. 33.1 (preservation requirements); Tex. R. Civ. P. 166a(f) ("Defects in the form of affidavits or attachments [in summary judgment proceedings] will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend."); *see also City of Dallas v. Papierski*, No. 05-17-00157-CV, 2017 WL 4349174, at *2 (Tex. App.—Dallas Oct. 2, 2017, no pet.) (mem. op.) ("Objections to hearsay, best evidence, self-serving statements, and unsubstantiated opinions are considered defects in form."). Additionally, the County—not appellees—produced Warneke's affidavit, which contained the same alleged hearsay. *See In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d 746, 760 (Tex. 2013) (orig. proceeding) (concluding that when the complaining party is also the party responsible for introducing the complained-of evidence and fails to immediately object, the complaining party waives any subsequently alleged error); *Bay Area Healthcare Grp., Ltd. v. McShane*, 239 S.W.3d 231, 235 (Tex. 2007) (per curiam) ("Error is waived if the complaining party allows the evidence to be introduced without objection."). Consequently, we consider all evidence submitted to the trial court. *See Anderton v. City of Cedar Hill*, 447 S.W.3d 84, 89 (Tex. App.—Dallas 2014, pet. denied); *see also Nevins v. Whitley*, No. 13-04-486-CV, 2005 WL 2036213, at *7 (Tex. App.—Corpus Christi–Edinburg Aug. 25, 2005, no pet.) (mem. op.).

11

learned of the stop sign's condition on the day of the accident, sufficiently controverts appellees' assertion that the County had actual notice prior to the date of the accident.[7]

Whether and when the County received actual notice of the stop sign's condition are material fact questions implicating jurisdiction and the underlying merits. *See Gonzalez*, 82 S.W.3d at 327; *see also Suarez*, 465 S.W.3d at 632 (concluding that, pursuant to the Act's language, the question of jurisdiction is necessarily "intertwined with the merits of a claim under the Act"); *County of Cameron v. Brown*, 80 S.W.3d 549, 558–59 (Tex. 2002) (observing that a defendant's actual knowledge of a dangerous condition is a "necessary premise-defect element"). And, as the County observes in its brief, conflicting evidence exists concerning the County's receipt of actual notice: (1) Warneke's affidavit stating that Alejandro contacted the County to report the missing sign prior to the date of the accident and the corresponding DPS report; (2) Alejandro's affidavit denying that he reported the missing sign; and (3) the County employees' affidavits denying a report was received prior to the day of the accident.[8] Although the County urges us to find Warneke's affidavit and the DPS report to have been irrefutably controverted by its other evidence, in adherence to the "lenient" standard before us, we must conclude the

---

[7] The County concedes it had actual notice of the sign's removal on the day of the accident but maintains that it retains immunity because it replaced the sign "within a reasonable time after [receiving] actual notice." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.060(a)(3). For reasons made clear *infra*, we do not engage in a timeliness inquiry given that a timeliness analysis would be contingent on when actual notice was effectuated.

[8] The County recognizes the alleged communication directed to Precinct 2 as a communication made to the County. The County does not assert, nor is there evidence, that knowledge, reports, or notices concerning traffic or road signs were not shared between the County's precincts. *See generally City of Dallas v. Donovan*, 768 S.W.2d 905, 909 (Tex. App.—Dallas 1989, no writ) ("It was clearly shown that police officers and sanitation workers are city employees responsible for acting on information concerning a downed stop sign.").

produced evidence is sufficient to raise a material fact issue for the factfinder—not the reviewing court—to resolve. *See Huckabee v. Time Warner Ent. Co. L.P.*, 19 S.W.3d 413, 422–23 (Tex. 2000) (observing the subtle, often "wholly subjective" inquiry of whether "paper record" evidence raises a fact issue); *see also Miranda*, 133 S.W.3d at 228 ("[W]e simply require the plaintiffs, when the facts underlying the merits and subject matter jurisdiction are intertwined, to show that there is a disputed material fact regarding the jurisdictional issue."); *cf. Gonzalez*, 82 S.W.3d at 330 ("We conclude that there is no evidence to support a finding that TxDOT had actual notice that the stop signs were down before the accident occurred. Gonzalez did not introduce any evidence showing that anyone had reported the signs were down before the accident.") (internal citation omitted). Therefore, the trial court did not err in denying the County's plea. We overrule the County's sole issue on appeal.

### III. CONCLUSION

We affirm the trial court's denial of the County's plea to the jurisdiction.

CLARISSA SILVA
Justice

Delivered and filed on the
25th day of August, 2022.

13