Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★  ★ ★ ★

## OPINION

No. 04-12-00007-CV

**IN RE J.P. MORGAN CHASE BANK, N.A.,
AS TRUSTEE OF THE RED CREST TRUST**

Original Mandamus Proceeding[1]

Opinion by:     Catherine Stone, Chief Justice

Sitting:     Catherine Stone, Chief Justice
             Sandee Bryan Marion, Justice
             Phylis J. Speedlin, Justice

Delivered and Filed:  April 11, 2012

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

In this original proceeding, relator J.P. Morgan Chase Bank, N.A., As Trustee of the Red

Crest Trust, seeks mandamus relief directing the 218th District Court of Karnes County to

transfer venue to Tarrant County, Texas.  We conditionally grant mandamus relief.

### BACKGROUND

This proceeding arises out of a suit filed by real party in interest Petrohawk Properties,

LP ("Petrohawk") against relator J.P. Morgan, As the Sole Trustee of the Red Crest Trust ("J.P.

Morgan"), and real party in interest Orca Assets, G.P., L.L.C. ("Orca").  The suit involves a title

dispute regarding the right to develop minerals in Karnes County, Texas.  Petrohawk contends it

---

[1] This proceeding arises out of Cause No. 11-06-00150-CVK, styled *Petrohawk Properties, LP v. Orca Assets GP, LLC and JP Morgan Chase Bank, N.A., As Trustee of the Red Crest Trust*, pending in the 218th Judicial District Court, Karnes County, Texas, the Honorable Stella Saxon presiding.

acquired four oil and gas leases by assignment from Petro-Hunt, L.L.C. (the "Moravits Leases"). J.P. Morgan, as trustee of the trust, and Orca entered into a mineral lease effective October 5, 2010 (the "Red Crest Lease"), which covered the same minerals as the Moravits Leases. A dispute arose between Orca and Petrohawk about who has superior chain of title. Petrohawk brought suit against J.P. Morgan and Orca for declaratory relief, trespass to try title, and to quiet title to the Karnes County minerals.

In August of 2011, J.P. Morgan moved to transfer venue in accordance with section 115.002 of the Texas Property Code to Tarrant County, Texas because the suit is against a trustee and the trust is administered in Tarrant County. Both Petrohawk and Orca contested the motion. After a hearing on November 10, 2011, the Honorable Stella Saxon denied the motion to transfer venue. This petition for writ of mandamus ensued.

**VENUE UNDER THE PROPERTY CODE**

J.P. Morgan contends the trial court erred in failing to transfer the suit from Karnes County to Tarrant County. J.P. Morgan maintains that venue is mandatory in Tarrant County based on the mandatory venue provisions found in section 115.002 of the Texas Property Code. *See* TEX. PROP. CODE ANN. § 115.002 (West Supp. 2011). Section 115.002 provides that when there is a corporate trustee, the venue of an action under section 115.001 of the Texas Property Code "shall be brought in the county in which the situs of the administration of the trust is maintained or has been maintained at any time during the four-year period preceding the date the action is filed, provided that an action against a corporate trustee as defendant may be brought in the county in which the corporate trustee maintains its principal office in this state." *Id.* § 115.002(a), (c). Section 115.001 lists the actions that fall under the ambit of section 115.002 as follows:

(a) Except as provided by Subsection (d) of this section, a district court has original and exclusive jurisdiction over all proceedings by or against a trustee and all proceedings concerning trusts, including proceedings to:

 (1) construe a trust instrument;

 (2) determine the law applicable to a trust instrument;

 (3) appoint or remove a trustee;

 (4) determine the powers, responsibilities, duties, and liability of a trustee;

 (5) ascertain beneficiaries;

 (6) make determinations of fact affecting the administration, distribution, or duration of a trust;

 (7) determine a question arising in the administration or distribution of a trust;

 (8) relieve a trustee from any or all of the duties, limitations, and restrictions otherwise existing under the terms of the trust instrument or of this subtitle;

 (9) require an accounting by a trustee, review trustee fees, and settle interim or final accounts; and

 (10) surcharge a trustee.

(a-1) The list of proceedings described by Subsection (a) over which a district court has exclusive and original jurisdiction is not exhaustive. A district court has exclusive and original jurisdiction over a proceeding by or against a trustee or a proceeding concerning a trust under Subsection (1) whether or not the proceeding is listed in Subsection (a).

*Id.* § 115.001(a)-(a-1).

J.P. Morgan contends that since the suit is against J.P. Morgan, as the sole trustee of the trust, and it is undisputed that the trust was administered by J.P. Morgan from its offices in Tarrant County during the past four years, venue is mandatory in Tarrant County. *See id.* § 115.002(a), (c).

**VENUE UNDER THE CIVIL PRACTICE & REMEDIES CODE**

Petrohawk and Orca both contend venue is mandatory in Karnes County, where the suit was filed, in accordance with section 15.011 of the Texas Civil Practice and Remedies Code because the suit is one that concerns an interest in land and is primarily a suit to quiet title to real property. *See* TEX. CIV. PRAC. REM. CODE ANN. § 15.011 (West 2002). Petrohawk and Orca

argue that because Petrohawk established proper venue against Orca under the mandatory venue provision of section 15.011, according to section 15.005 the court also has venue over J.P. Morgan because the claims or actions arise out of the same transaction, occurrence, or series of transactions or occurrences. *Id.* § 15.005 (providing that "[i]n a suit in which the plaintiff has established proper venue against a defendant, the court also has venue of all the defendants in all claims or actions arising out of the same transaction, occurrence, or series of transactions or occurrences.").

## DISCUSSION

We must determine whether section 15.011 of the Texas Civil Practice and Remedies Code or section 115.002 of the Texas Property Code controls. Because section 115.002 of the Texas Property Code originates from outside of Chapter 15 of the Texas Civil Practice and Remedies Code, we look to section 15.016 of the Civil Practice and Remedies Code, which provides that "[a]n action governed by any other statute prescribing mandatory venue shall be brought in the county required by that statute." *Id.* § 15.016. "[I]f an action is governed by a separate mandatory venue provision, then the action shall be brought in the county required by the separate venue provision." *In re Tex. Dep't of Transp.*, 218 S.W.3d 74, 76 (Tex. 2007) (orig. proceeding). Section 115.002 of the Texas Property Code is such a mandatory venue provision. Therefore, section 15.016 requires that the mandatory venue provisions in section 115.002 of the Property Code prevail over section 15.011 of the Texas Civil Practice and Remedies Code. *Id.* (concluding that based on section 15.016, the mandatory venue provision in section 101.102(a) of the Texas Tort Claims Act prevails over the mandatory venue provision in section 15.015 of the Texas Civil Practice and Remedies Code (venue provision for actions against counties)); *In re Adan Volpe Props.*, 306 S.W.3d 369, 375 (Tex. App.—Corpus Christi 2010, orig. proceeding)

(concluding that based on section 15.016, the mandatory venue provision in section 65.023 of the Texas Civil Practice and Remedies Code (venue provision for injunctions) prevails over the mandatory venue provision in section 15.017 (venue provision for suits for libel, slander, or invasion of privacy)); *In re Dole Food Co.*, 256 S.W.3d 851, 856 (Tex. App.—Beaumont 2008, orig. proceeding) (same).

Petrohawk and Orca contend that under the multiple defendants provision in section 15.005, because Petrohawk established proper venue against Orca in Karnes County under the mandatory venue provision of section 15.011, venue is mandatory in Karnes County as to the whole proceeding. *See id.* § 15.005. *See* TEX. CIV. PRAC. REM. CODE ANN. §§ 15.005 & 15.011. Petrohawk and Orca provide no authority indicating that section 15.016 is subverted by section 15.005. To the contrary, we have already determined that section 15.016 requires that the mandatory venue provisions in section 115.002 of the Property Code prevail over section 15.011 of the Texas Civil Practice and Remedies Code, and we do not find that section 15.005 changes this analysis. Therefore, because section 115.002 of the Texas Property Code prevails, we must now consider whether venue is proper in Tarrant County based on the provisions in sections 115.001 and 115.002.

There is no dispute that J.P. Morgan is the sole corporate trustee of the trust and that during the past four years the trust was administered in Tarrant County. *See* TEX. PROP. CODE ANN. § 115.002. Instead, Petrohawk and Orca argue the action does not fall within section 115.001 because the suit must "concern a trust" for section 115.001 to apply. *See In re Stark*, 126 S.W.3d 635, 642 (Tex. App.—Beaumont 2003, orig. proceeding) (applying former section 115.001 and concluding that tort claims against a trustee do not fall within the ambit of section

115.001).  Therefore, Petrohawk and Orca contend that since the suit does not fall within section 115.001, the venue provisions in section 115.002 are inapplicable.

However, we disagree with Petrohawk and Orca's contention that the instant suit does not fall within section 115.001.  In 2007, section 115.001 was amended to provide that a district court has original and exclusive jurisdiction over not only all proceedings concerning a trust, but also "all proceedings by or against a trustee."  Act of May 24, 2005, 79th Leg., R.S., ch. 148, 2005 Tex. Gen. Laws 296 (amended 2007) (current version at TEX. PROP. CODE ANN. § 115.001(a)).  The primary objective of statutory construction is to give effect to legislative intent.  *McIntyre v. Ramirez*, 109 S.W.3d 741, 745 (Tex. 2003).  In discerning that intent, we begin with the "'plain and common meaning of the statute's words.'"  *Id.*  "If the statutory language is unambiguous, we must interpret it according to its terms, giving meaning to the language consistent with other provisions in the statute."  *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004).  Applying the plain language of the statute to the case at hand, we conclude that since this is a proceeding against a trustee in accordance with section 115.001, the mandatory venue provisions in section 115.002 apply.  Courts "must take statutes as they find them."  *Simmons v. Arnim*, 110 Tex. 309, 220 S.W. 66, 70 (1920).  From the plain wording of section 115.001, it applies to *all* proceedings by or against a trustee.  *See* TEX. PROP. CODE ANN. § 115.001(a).

We acknowledge the recent case of *In re J.P. Morgan Chase Bank, N.A.*, out of the Corpus Christi Court of Appeals involving the same parties as those in the case at hand.  No. 13-11-00707-CV, 2011 WL 6098696, at *3 (Tex. App.—Corpus Christi, Dec. 5, 2011, orig. proceeding).  In that case, the court held that section 115.001 was inapplicable because the suit did not involve an action relating to the trust itself or the operation of a trust.  *Id.*  We decline to

follow the Thirteenth Court of Appeals' decision. While that court acknowledges that in 2007 section 115.001 was amended by adding subsection (a-1), which provides that the list of proceedings enumerated in the statute are not "exhaustive," the court does not acknowledge that subsection (a) was also amended to include suits by or against a trustee. *Id.* We find the addition of that language controlling in this case; therefore, we respectfully disagree with the court's conclusion that the suit must "concern a trust" in order for section 115.001 to apply.

Finally, Petrohawk argues that because this is an *in rem* claim against the real property itself, it is not a suit brought against a trustee and sections 115.001 and 115.002 are not applicable. However, Petrohawk filed suit against J.P. Morgan, a corporate trustee, and we have already concluded that based on the plain language of section 115.001, any proceeding brought against a trustee falls within section 115.001. Therefore, sections 115.001 and 115.002 are applicable.

We conclude mandamus relief is appropriate in this case. Chapter 15 authorizes parties to seek mandamus relief to enforce its mandatory venue provisions. TEX. CIV. PRAC. REM. CODE ANN. § 15.0642. Although section 115.002 of the Texas Property Code is found outside Chapter 15 of the Civil Practice and Remedies Code, it is still a mandatory venue provision for which mandamus relief is available to enforce the provision. *In re Transcon. Realty Investors, Inc.*, 271 S.W.3d 270, 271 (Tex. 2008) (orig. proceeding) (holding that section 21.013 of the Texas Property Code is a mandatory venue statute and is enforceable by mandamus). "In seeking mandamus under section 15.0642, a party need not prove the lack of an adequate appellate remedy, but need only show that the trial court abused its discretion by failing to transfer the case." *In re Tex. Dep't of Transp.*, 218 S.W.3d at 76. Based on the foregoing, we conclude the trial court abused its discretion by failing to transfer the case to Tarrant County.

## CONCLUSION

Accordingly, we grant mandamus relief and order the trial court to transfer the suit to Tarrant County, Texas. The writ will issue only if we are notified the trial court has failed to comply within fourteen days of this court's opinion.

Catherine Stone, Chief Justice