**Affirmed and Memorandum Opinion filed August 31, 2023**



In The

# Fourteenth Court of Appeals

---

## NO. 14-23-00372-CV

---

**BRIAN W. PARKER AND REBECCA J. PARKER, COLLECTIVELY IN THEIR INDIVIDUAL CAPACITIES AND AS LIMITED PARTNERS IN FILIP FAMILY, L.P., AND BRIAN PARKER AND REBECCA J. PARKER AS TRUSTEES OF THE PARKER IRREVOCABLE FAMILY TRUST, HOLDING PARTNERSHIP INTERESTS IN FILIP FAMILY, LP,** Appellants

**V.**

**RICHARD J. FILIP AND JEANNE K. FILIP, COLLECTIVELY, IN THEIR INDIVIDUAL CAPACITIES, AND AS THE SOLE MANAGERS AND MEMBERS OF FILIP MANAGEMENT, LLC,** Appellees

---

**On Appeal from the 240th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 23-DCV-301621**

---

### MEMORANDUM OPINION

By five issues, Brian W. Parker, individually, in his capacity as limited partner of Filip Family, LP (Filip LP), and as co-trustee of the Parker Irrevocable Family

Trust (Parker Trust),[1] and Rebecca J. Parker, individually, in her capacity as limited partner of Filip LP, and as trustee of the Parker Trust, appellants, complain of the trial court's order denying their motion to transfer venue.[2] Appellants contend venue is mandatory in Fayette County under section 15.011 of the Civil Practice and Remedies Code because "this case will have some effect on an interest in land in Fayette County." Because section 15.016 of the Civil Practice and Remedies Code requires that the mandatory venue provisions in section 115.002 of the Property Code prevail over section 15.011 of Civil Practice and Remedies Code, we affirm.

## *Background*

On July 19, 2010, Richard J. Filip and Jeanne K. Filip, appellees, established Filip LP, which was formed for estate planning purposes. Initially, appellees were the sole limited partners of Filip LP and owned a 99% interest. On the date that appellees established Filip LP, they also formed Filip Management, LLC (Filip Management). Filip Management served as the general partner of Filip LP and owned the remaining 1% interest in Filip LP. Appellees were, and remain, the sole members and managers of Filip Management.

On December 31, 2010, appellees contributed land to Filip LP, including three parcels in Fayette County. On this same date, appellees gifted a 10% limited partner interest in Filip LP to the Parker Trust. The beneficiaries of the Parker Trust are appellees' three grandchildren (appellants' children). Rebecca is the sole trustee of the Parker Trust. On December 31, 2012, appellees gifted a 70% limited partner

---

[1] In their petition, appellees allege that Brian and Rebecca are "either jointly or singularly Trustees" of the Parker Trust. In their appellate brief, appellees concede that Rebecca is the sole trustee of the Parker Trust.

[2] Appellants have also filed a petition for writ of mandamus challenging the trial court's order denying their motion to transfer venue. *See In re Parker*, No. 14-23-00448-CV, 2023 WL 5379772 (Tex. App.—Houston [14th Dist.] Aug. 22, 2023) (dismissing appellants' petition for writ of mandamus for want of jurisdiction).

2

interest in Filip LP to appellants. As of this date, appellees owned a 19% interest in Filip LP, Filip Management owned a 1% interest in Filip LP, the Parker Trust owned a 10% interest in Filip LP, and appellants owned a 70% interest in Filip LP.

On February 24, 2023, appellees filed suit against appellants in Fort Bend County, asserting a claim for breach of contract and seeking a declaratory judgment, injunctive relief, and attorney's fees. According to appellees' petition, appellants have engaged in "unreasonable and improper tactics that are interfering with [appellees'] peaceful and orderly management of [Filip LP]." Such inappropriate and improper tactics included: (1) making demands for financial payments from appellees and/or Filip LP that are not authorized under the Partnership Agreement; (2) falsely asserting and/or threatening to assert time-barred breach of fiduciary duty claims against appellees; and (3) making demands that Filip LP assets be sold or partitioned. Appellees alleged venue was proper in Fort Bend County for two reasons: appellants reside and maintain their domicile in Fort Bend County and one or more of the actions complained about were performed by one of more of the appellants in Fort Bend County.

On March 27, 2023, appellants filed a motion to transfer venue, objecting to suit in Fort Bend County and requesting a transfer to Fayette County. Appellants argued, among other things, that venue is mandatory in Fayette County under section 15.011 of the Civil Practice and Remedies Code because: (1) the "true nature" of this action concerns an interest in real property, and (2) appellees seek a declaration "that the Parker Defendants cannot force a partition of partnership assets."

Appellees filed a response to appellants' venue transfer motion. In their response, appellees argued that venue was mandatory in Fort Bend County under sections 15.001 and 15.002 of the Property Code and section 65.023 of the Civil Practice and Remedies Code because (1) this suit was "brought against the admitted

3

trustee of the [Parker Trust]," and (2) a request for injunctive relief shall be filed in the county where the defendant resides. These statutes were not identified in appellees' petition, and appellees did not file an amended petition. Appellees also contend that venue is permissive in Fort Bend County because a suit may be filed where one or more defendants reside and/or where a substantial part of the complained of events occurred. The trial court conducted a hearing and on May 16, 2023 and denied appellants' motion to transfer venue. This interlocutory appeal followed.[3]

### *Discussion*

On appeal, appellants raise five issues, arguing that: (1) section 15.011 of the Civil Practice and Remedies Code mandates venue in Fayette County; (2) appellees failed to meet their burden and prove that venue in Fort Bend County is proper under section 15.002 of the Civil Practice and Remedies Code; (3) venue under section 115.002 of the Property Code and section 65.023 of the Civil Practice and Remedies Code were not properly pleaded; (4) appellees failed to meet their burden and prove that venue in Fort Bend County is proper under section 65.023 of the Civil Practice and Remedies Code; and (5) appellees failed to meet their burden and prove that venue in Fort Bend County is proper under section 15.002 of the Property Code.

We begin by analyzing appellants' third issue of whether venue under section 115.002 of the Property Code and section 65.023 of the Civil Practice and Remedies Code were properly pleaded because this analysis is necessary in determining the

---

[3] Generally, we lack jurisdiction to review a trial court's interlocutory ruling on a motion to transfer venue. *See* Tex. Civ. Prac. & Rem. Code § 15.064(a) ("No interlocutory appeal shall lie from the [trial court's venue] determination."). However, the Texas Legislature has provided that in a suit involving more than one plaintiff, like this one, we have interlocutory appellate jurisdiction to review a trial court's determination of whether "[each] plaintiff did or did not independently establish proper venue." *See id.* at § 15.003(b)(1).

4

applicable venue statute that controls in this suit.

### *"Properly Pleaded"*

In their third issue, appellants contend that appellees' live pleading only asserts that venue is proper in Fort Bend County pursuant to section 15.002 of the Civil Practice and Remedies Code and not under section 65.023 of the Civil Practice and Remedies Code or section 115.002 of the Property Code. Appellants contend that appellees should have amended their petition "to add new bases for venue." In response, appellees argue that the trial court is permitted to consider responses, as well as pleadings, in determining whether to grant a motion to transfer venue.

To resolve this issue, we must determine whether appellees met their burden of properly pleading the requisite venue facts. *See* Tex. R. Civ. P. 87(2)(a), 87(3)(a). If so, and given appellants' assertion that they established a ground for mandatory venue, we will next determine whether appellees offered prima facie proof to support their venue allegations. *Wilson v. Tex. Parks & Wildlife Dep't*, 886 S.W.2d 259, 260 & n.1 (Tex. 1994).

When reviewing venue, an appellate court conducts an independent review of the entire record to determine whether any probative evidence supports the trial court's venue decision. *See Livingston v. Gregurek*, 650 S.W.3d 721, 724 (Tex. App.—Houston [14th Dist.] 2022, no pet.) (citing *United Parcel Serv., Inc. v. Norris*, 635 S.W.3d 242, 245 (Tex. App.—Beaumont 2021, no pet.)); *see also* Tex. Civ. Prac. & Rem. Code § 15.003(c) (providing that the court of appeals shall determine whether the trial court's order is proper based on an independent determination from the record and not under either an abuse of discretion or substantial evidence standard). We review the record in the light most favorable to the trial court's venue ruling, but we do not give deference to the trial court's application of the law. *Livingston*, 650 S.W.3d at 724.

The initial choice of venue is left to the plaintiff, who first decides venue by filing an original petition. *Fortenberry v. Great Divide Ins. Co.*, 664 S.W.3d 807, 811 (Tex. 2023) (citing *Wilson*, 886 S.W.2d at 260); *see also Surgitek v. Abel*, 997 S.W.2d 598, 603 (Tex. 1999) (providing that a plaintiff independently establishes venue with prima facie proof that venue is proper). The defendant may challenge the plaintiff's venue choice through a motion to transfer venue. *See* Tex. Civ. Prac. & Rem. Code § 15.063(1); Tex. R. Civ. P. 86. If the defendant challenges venue, the plaintiff bears the burden to present prima facie proof that venue is maintainable in the county of suit, while the defendant bears the burden to prove venue is maintainable in the county to which transfer is sought. *Wilson*, 886 S.W.2d at 260 & n.1; Tex. R. Civ. P. 87(2)(a). The court must decide based on the pleadings and affidavits submitted by the parties, and a venue determination must be "based on the facts existing at the time the cause of action that is the basis of the suit accrued." Tex. Civ. Prac. & Rem. Code § 15.006; *see also* Tex. R. Civ. P. 87(3)(a) ("All venue facts, when properly pleaded, shall be taken as true unless specifically denied by the adverse party.").

On February 24, 2023, appellees filed this suit against appellants in Fort Bend County and alleged in their petition that venue was proper in Fort Bend County because "two of the named defendants in this case reside in and maintain their domicile in the county in which this suit is being filed." Appellees identified section 15.002 of the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code § 15.002(a) (providing the general venue rule). On March 27, 2023, appellants filed their motion to transfer venue challenging appellees' venue choice. In their motion, appellants did not dispute that they resided in Fort Bend County; rather, they argued that venue was mandatory in Fayette County under section 15.011 of the Civil Practice and Remedies Code. *See id.* § 15.011 (providing mandatory venue for

actions involving real property); Tex. R. Civ. P. 87(3)(c) (providing that the trial court must maintain the lawsuit in the county where suit is filed unless the motion to transfer is based on an established ground of mandatory venue).

Assuming without deciding that appellants correctly assert that venue is mandatory in Fayette County, we nevertheless hold that appellees satisfied their burden to establish a prima facie case that venue is proper in Fort Bend County. We note that appellees did not specifically identify section 65.023 of the Civil Practice and Remedies Code or section 115.002 of the Property Code in their petition. But, the relevant inquiry is whether appellees properly pleaded venue facts that venue is maintainable in Fort Bend County, and they did. *See* Tex. R. Civ. P. 87(2)(a). Importantly, we do not find any case law that states appellees are required to plead the language of the statute relied on to maintain venue.

Section 65.023 of the Civil Practice and Remedies Code is the mandatory venue provision for suits seeking injunctive relief. *See* Tex. Civ. Prac. & Rem. Code § 65.023. This section provides for mandatory venue in cases where injunctive relief is sought. Additionally, Texas law is clear that "a district court has original and exclusive jurisdiction over all proceedings by or against a trustee." *See* Tex. Prop. Code § 115.001. The proper venue for proceedings "by or against a trustee" is the county in which "the trustee resides or has resided at any time during the four-year period preceding the date the action is filed." *Id.* at §115.002(a)–(b)(1).

Performing an independent review of the record, and construing appellees' pleadings with deference afforded to the plaintiff's venue choice, we hold that appellees properly pleaded venue facts that venue is maintainable in Fort Bend County under section 65.023 of the Civil Practice and Remedies Code or section 115.002 of the Property Code. *See, e.g.*, *Livingston*, 650 S.W.3d at 724; *see also* Tex. R. Civ. P. 87(3).

7

Appellees filed their petition in Fort Bend County. Their petition states that appellees sought injunctive relief against appellants, and appellees requested that the trial court set the bond at no more than $100. *See* Tex. R. Civ. P. 683 (providing that in an order granting a temporary injunction, the court shall fix the amount of security to be given by the applicant). Additionally, appellees' petition states that "[appellees], collectively, in their individual capacities, and as sole Managers and Members of [Filip Management] . . . complain of the conduct of [appellants], collectively, in their individual capacities, as Limited Partners of [Filip LP], *and as Trustees of a Trust*." (Emphasis added). It is undisputed that Rebecca is the sole trustee for the Parker Trust. Appellees also allege that appellants "reside in and maintain their domicile in the county in which the suit is being filed." Relevant here, appellants did not specifically deny that they resided or have resided in Fort Bend County at any time during the four-year period preceding February 24, 2023—the date this suit was filed.

To satisfy the requirements of section 65.023 of the Civil Practice and Remedies Code, appellees need only establish that they sought injunctive relief and that appellants were domiciled in Fort Bend County. To satisfy the requirements of section 115.002 of the Property Code, appellees were required to establish that this suit was "by or against a trustee" and that the trustee resided in Fort Bend County at the time the instant action was filed. Appellees venue facts satisfied the requirements of both statutes. *See In re Team Rocket, L.P.*, 256 S.W.3d 259 (Tex. 2008) (orig. proceeding) (explaining that venue may be proper in more than one county under the venue rule).

Based on the foregoing, we conclude appellees established that venue is maintainable in Fort Bend County, notwithstanding appellants' assertion that venue is mandatory in Fayette County. Accordingly, we overrule appellants' third issue.

## *Mandatory Venue*

In appellants' first issue, they contend that section 15.011 of the Civil Practice and Remedies Code mandates venue in Fayette County. In their fifth issue, appellants contend that appellees failed to meet their burden and prove that venue in Fort Bend County is proper under section 15.002 of the Property Code. Because we must determine whether section 15.011 of the Civil Practice and Remedies Code or section 115.002 of the Property Code controls, we address these two issues together.

Section 15.011 of the Civil Practice and Remedies Code provides that:

> Actions for recovery of real property or an estate or interest in real property, for partition of real property, to remove encumbrances from the title to real property, for recovery of damages to real property, or to quiet title to real property shall be brought in the county in which all or part of the property is located.

Tex. Civ. Prac. & Rem. Code § 15.011.

In its relevant parts, section 115.002 of the Property Code provides that:

> The venue of an action under Section 115.001 of this Act is determined according to this section. If there is a single, noncorporate trustee, an action shall be brought in the county in which the trustee resides or has resided at any time during the four-year period preceding the date the action is filed.

Tex. Prop. Code § 115.002.

Section 115.002 of the Property Code is a separate statute from the Civil Practice and Remedies Code. Thus, we look to section 15.016 of the Civil Practice and Remedies Code for guidance because it provides that "[a]n action governed by any other statute prescribing mandatory venue shall be brought in the county required by that statute." "[I]f an action is governed by a separate mandatory venue provision, then the action shall be brought in the county required by the separate

9

venue provision." *In re Tex. Dep't of Transp.*, 218 S.W.3d 74, 76 (Tex. 2007) (orig. proceeding) (concluding that under section 15.016, the mandatory venue provision of section 101.102(a) of the Texas Tort Claims Act prevails over the mandatory venue provision of section 15.015 of the Civil Practice and Remedies Code); *see also In re J.P. Morgan Chase Bank, N.A.*, 373 S.W.3d 615, 618 (Tex. App.—San Antonio 2012, orig. proceeding) (concluding that under section 15.016, the mandatory venue provision in section 115.002 of the Property Code prevails over the mandatory venue provision of section 15.011 of the Civil Practice and Remedies Code).

As shown above in the analysis of proper pleading, this action is governed by a separate mandatory venue provision. Therefore, section 15.016 of the Civil Practice and Remedies Code requires that the mandatory venue provisions in section 115.002 of the Property Code prevail over section 15.011 of the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code § 15.016.

There is no dispute that Rebecca is a noncorporate trustee of the Parker Trust and that both Rebecca and Brian resided in Fort Bend County in the four years preceding this suit. Instead, appellants argue that appellees reliance on section 115.002 fails because appellees "failed to allege facts showing they are 'interested persons'" under section 115.011. *See* Tex. Prop. Code § 115.011 ("Any interested person may bring an action under Section 115.001 of this Act."). Appellants suggest that because the suit does not invoke jurisdiction under section 115.001, the venue provisions of section 115.002 are inapplicable. We disagree.

Property Code section 151.001(a–1) provides,

The list of proceedings described by Subsection (a) over which a district court has exclusive and original jurisdiction is not exhaustive. A district court has exclusive and original jurisdiction over a proceeding by or against a trustee or a proceeding

concerning a trust under Subsection (a) whether or not the proceeding is listed in Subsection (a).

*Id.* at § 151.001(a–1). When construing a statute, our primary objective is to determine and effectuate the legislature's intent, and the "surest guide to what lawmakers intended is what they enacted." *Texas Dep't of Ins. v. Am. Nat'l Ins.*, 410 S.W.3d 843, 853 (Tex. 2012). We must construe statutes in their context, *see* Tex. Gov't Code § 311.011(a), avoiding hyper-technical readings of isolated words or phrases, *see Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004), or a construction that would render a law or provision meaningless or absurd, *see Chevron Corp. v. Redmon*, 745 S.W.2d 314, 316 (Tex. 1987). When a statute is clear and unambiguous, we apply its words according to their common meaning to give effect to every word, clause, and sentence. *Am. Nat'l Ins.*, 410 S.W.3d at 853.

Applying the plain language of section 115.001 to the case at hand, this section applies to "all proceedings by or against a trustee." *See* Tex. Prop. Code § 115.001. This statutory language is neither vague nor ambiguous. *See Am. Nat'l Ins.*, 410 S.W.3d at 853. We conclude that since this is a proceeding against a trustee in accordance with section 115.001, the mandatory venue provision of section 115.002 applies. Accordingly, we overrule appellants' first and fifth issue.

### *Remaining Issues*

Because we have already concluded that appellees filed suit against Rebecca, the trustee of the Parker Trust, and section 115.002 of the Property Code prevails over section 15.011 of the Texas Civil Practice and Remedies Code, we need not reach appellants' remaining issues on appeal. *See* Tex. R. App. P. 47.1.

### *Conclusion*

We affirm the trial court's order denying appellants' motion to transfer venue.


/s/ Frances Bourliot
Justice


Panel consists of Justices Wise, Bourliot, and Spain.